RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0050p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 19-1575

ROBERT ANDREW FABER,

*Defendant-Appellant*.

───────────────

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 2:05-cr-00053-1—Janet T. Neff, District Judge.

Decided and Filed: February 19, 2020

Before: SUHRHEINRICH, COOK, and READLER, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:** Tonya R. Long, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee. Robert Andrew Farber, Kalamazoo, Michigan, pro se.

───────────────

## OPINION

───────────────

COOK, Circuit Judge. The district court sentenced Robert Faber on child pornography charges to a term in prison followed by supervised release. As a condition of supervised release, the district court ordered Faber to avoid contacting Tylyn Gieszer (Faber's spouse according to their neo-pagan religion, Wicca), who interfered with a probation officer's earlier supervision of Faber. Faber later moved under 18 U.S.C. § 3583(e)(2) to eliminate the no-contact order, arguing that it unduly burdened his religious practices. The district court denied the motion on

the merits. Because district courts lack jurisdiction to consider substantive legal challenges under § 3583(e)(2), we vacate the relevant portion of the district court's order and remand with instructions to dismiss for lack of jurisdiction.

**I.**

In 2010, Faber pled guilty to receiving images of minors engaging in sexually explicit conduct. The district court sentenced him to prison followed by supervised release. Faber did not appeal. Several years later, Faber completed his prison term and transitioned to supervised release. Faber's conditions of release barred him from possessing any sexually explicit images and from possessing or using any digital devices. Yet when Faber reported to a halfway house, staff discovered that he had numerous explicit images.

Faber eventually moved into an apartment with Gieszer. Probation officers visited their apartment and discovered that Faber had committed more violations of his supervised release: he had a laptop, flash drive, and SD card without permission, and the laptop contained sexually explicit material. During the visit, Gieszer lied to a probation officer, denying that either he or Faber had any digital devices in the apartment. Gieszer also tried (unsuccessfully) to hide the devices. The district court revoked Faber's supervised release and sentenced him to another term in prison followed by supervised release. As a condition of that second term of supervised release, Faber "must not have contact or association with Tylyn Gieszer, [except] as directed by the probation officer." Faber challenged the condition on appeal, and we affirmed. *United States v. Faber*, 718 F. App'x 349, 352 (6th Cir. 2017).

While that appeal remained pending, Faber filed a civil action under 42 U.S.C. § 1983 against his probation officer, alleging that the officer violated his right to religious freedom by separating him from Gieszer. *Faber v. Smith*, No. 17-2523, 2018 WL 6918704, at *1 (6th Cir. June 6, 2018) (order). The district court dismissed the action for failure to state a claim, and we affirmed. *Id*. at *3. Undeterred, Faber filed a flurry of motions and suits attacking the no-contact order, including a motion under 28 U.S.C. § 2255 and a second § 1983 suit against another probation officer. Those efforts failed too. *See* R. 142; *Faber v. Garcia*, No. 18-2133, 2019 WL 4844953 (6th Cir. Aug. 28, 2019) (order).

In November 2018, the district court again revoked Faber's supervised release because he communicated with Gieszer by email. The district court sentenced him to imprisonment with supervised release to follow. The court continued prohibiting Faber from contacting Gieszer. This time Faber did not appeal, but he later moved to eliminate the no-contact order under § 3583(e)(2). He argued that the order violates his rights under the Religious Freedom Restoration Act (Faber believes that the separation condemns him and Gieszer to the "Wiccan version of hell"). The district court issued an order denying that motion and two other outstanding motions. On appeal, Faber challenges only the denial of his motion to remove the condition prohibiting contact with Gieszer.

## II.

As a threshold matter, we must first consider the district court's jurisdiction. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998). The government argues that the district court lacked jurisdiction to consider Faber's religious-freedom challenge to his supervised release condition.

Under § 3583(e)(2), a district court may modify or rescind a condition of supervised release after considering certain enumerated factors. *See* 18 U.S.C. § 3583(e), (e)(2). Those factors include the circumstances of the crime, the characteristics of the defendant, deterrence, protecting the public, providing the defendant with training and education, and others. *See id.* Not included: illegality of the condition. And that's no oversight. Congress enacted § 3583(e)(2) as part of the Sentencing Reform Act of 1984. *See* Pub. L. No. 98-473 § 212, 98 Stat. 1987, 2000 (1984). Before its enactment, a defendant could move the district court to "correct an illegal sentence *at any time*." Fed. R. Crim. P. 35(a) (Rule Applicable to Offenses Committed Prior to Nov. 1, 1987) (emphasis added). With the Sentencing Reform Act, however, Congress substantially curtailed district courts' authority to reconsider a sentence's legality, requiring defendants to move for such relief within just fourteen days. *See* Fed. R. Crim. P. 35(a). Construing § 3583(e)(2) as allowing district courts to eliminate an allegedly illegal condition at any time would disregard the plain text of the statute and frustrate Congress's intent to encourage timely challenges. *See United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).

Of course, other legal mechanisms allow defendants to challenge the legality of their sentences (*e.g.*, direct appeal, § 2255, Rule 35). Indeed, Faber has pressed this religious-freedom claim once before, and he has generally challenged the no-contact order several times. "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks." *United States v. Frady*, 456 U.S. 152, 164–65 (1982). Section 3583(e)(2) allows district courts to adjust supervised release conditions to account for new or unforeseen circumstances. It is not, however, a duplicate path for postconviction review.

Among our sister circuits that have addressed this issue, virtually all agree. *See United States v. Lussier*, 104 F.3d 32, 34 (2d Cir. 1997); *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999); *Gross*, 307 F.3d at 1044; *United States v. McClamma*, 676 F. App'x 944, 947–48 (11th Cir. 2017); *see also* 3 Wright & Miller, *Federal Practice and Procedure* § 563 (4th ed.). The Third Circuit ruled similarly, though it recognizes an exception for as-applied constitutional challenges. *See United States v. Roberts*, 229 F. App'x 172, 178 (3d Cir. 2007).

The Seventh Circuit alone takes a different view. *See United States v. Neal*, 810 F.3d 512, 518 (7th Cir. 2016). That court reasoned that only an "explicit statutory directive" would suffice to preclude a court's consideration of a condition's legality. *Id.* We must respectfully disagree. Section 3583(e) enumerates the factors that a district court may consider; we may not judicially augment that list. That's especially true here, given that Congress enacted § 3583(e)(2) as part of a package of legislation designed to streamline sentencing review. *Lussier*, 104 F.3d at 37. Adopting the Seventh Circuit's view would amount to resurrecting the pre-1987 indefinite period for raising legal challenges and applying it only to conditions of supervised release. We discern no textual grounds for taking that view.

Faber took advantage of several opportunities to challenge the legality of the no-contact order and bypassed others. This statute, § 3583(e)(2), provides no further avenue for postconviction relief. The district court thus lacked jurisdiction to entertain Faber's challenge to the no-contact order's legality.

**III.**

Faber also argues that the district court showed improper prejudice against him because of his prior conviction, but he fails to make any specific allegations to support that contention. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Faber raises several other matters unrelated to the district court order that he appeals, including a request that we vacate an earlier supervised release violation. Because Faber did not raise those issues in the district court, we will not review them. *See Girl Scouts of Middle Tenn., Inc. v. Girl Scouts of the U.S.A.*, 770 F.3d 414, 427 (6th Cir. 2014).

We vacate the aspect of the district court's order denying Faber's motion to eliminate the no-contact order and remand with instructions to enter an order dismissing that motion for lack of jurisdiction.