**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6388**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY RAY DEBOLT,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:09-cr-00024-JPB-JPM-1)

Submitted:  February 26, 2021               Decided:  March 9, 2021

Before WYNN and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gary Ray DeBolt, Appellant Pro Se. David J. Perri, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Ray DeBolt appeals the district court's order denying DeBolt's 18 U.S.C. § 3583(e)(2) motion to terminate or modify the conditions of his supervised release and denying his motion for a stay of execution of his supervised release conditions. DeBolt argues that the district court erred in denying his § 3583(e)(2) motion and erred in failing to consider his actual innocence claim. For the following reasons, we affirm.

The district court properly dismissed the majority of DeBolt's challenges to his supervised release conditions. We recently held in *United States v. McLeod*, 972 F.3d 637, 643-44 (4th Cir. 2020), that "[a]n individual may not use § 3583(e)(2) as a substitute for an appeal, belatedly raising challenges to the original conditions of supervised release that were available at the time of his initial sentencing." However, a § 3583(e)(2) motion may be predicated on "new, unforeseen, or changed legal or factual circumstances." *Id.* at 644. With the sole exception of one supervised release condition that requires DeBolt to obtain the approval of his probation officer or the court before using certain electronic devices, DeBolt's challenges to his supervised release conditions are "impermissible" because they rely on "factual and legal premises that existed at the time of his sentencing." *Id.*

We conclude, however, that DeBolt's challenge to the supervised release condition regarding access to computers is cognizable under *McLeod* because the Supreme Court's ruling in *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017), on which DeBolt relied in challenging this condition, is a "new legal circumstance[]" and this challenge "could not have been brought at the time supervised release was imposed" in 2011. *McLeod*, 972 F.3d at 644. The district court found that, if it possessed jurisdiction, it would deny DeBolt's

2

challenge on the merits. We review a district court's ruling on a motion to modify conditions of supervised release for abuse of discretion. *See United States v. Trimble*, 969 F.3d 853, 856 (8th Cir. 2020). We have reviewed the record and the district court did not abuse its discretion in determining that this supervised release condition was not unconstitutional after *Packingham*.

Finally, because DeBolt's informal brief does not challenge the basis for the district court's disposition of his actual innocence claim, he has forfeited appellate review of the court's order denying this claim. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

Accordingly, we deny DeBolt's motion for a stay pending appeal and affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*