**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6506**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON WALKER WHITTEN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Senior District Judge. (7:14-cr-00049-GEC-1)

Submitted: November 5, 2020

Decided: March 11, 2021

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Brandon Walker Whitten, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Walker Whitten filed a motion under 18 U.S.C. § 3583(e)(2) to modify conditions of his supervised release in May 2017. He challenged as overly restrictive the conditions that banned adult pornography; restricted his use of electronic devices; prohibited him from "be[ing] in the company of or hav[ing] contact with children under the age of 18"; and required notice "within 72 hours of establishing an ongoing romantic relationship." Whitten also moved for appointment of counsel. In April 2018, the district court granted in part and denied in part the § 3583(e)(2) motion and denied the motion for counsel. The court agreed to add a sentence to the restriction on contact with minors, clarifying that the condition "does not encompass incidental contact," but upheld the other conditions. Whitten timely appealed to this Court.

While Whitten's appeal was pending, the district court revoked his supervised release. In the revocation sentence, the court imposed another term of supervised release that did not impose an adult pornography restriction, a blanket ban on being in the presence of minors, or a notice requirement related to romantic relationships. Whitten's appeal is moot as to these restrictions to which he is no longer subject. *See United States v. Ketter*, 903 F.3d 61, 65 (4th Cir. 2018) ("Because mootness is jurisdictional, we can and must consider it even if neither party has raised it.").

The court largely re-imposed, however, the restrictions on Whitten's access to electronic devices. Whitten "may not purchase, possess, or use any computer . . ., cellular telephone, or other Internet-capable device without the prior approval or the court [sic]," and "shall not purchase, possess, or use any camera or video recording devices without the

2

approval of the probation officer." Whitten challenged these conditions in his § 3583(e)(2) motion as "insufficiently tailored" and "overly constricting" under § 3583(d)(2).

A § 3583(e)(2) challenge to the lawfulness of a release condition may not "rest[] on the factual and legal premises that existed at the time of [the] sentencing." *United States v. McLeod*, 972 F.3d 637, 642–44 (4th Cir. 2020). But such a challenge is permissible when premised on "new, unforeseen, or changed legal or factual circumstances." *Id.* Here, Whitten's motion initially rested only on legal premises that should have been raised at sentencing and on direct appeal, precluding § 3583(e)(2) relief. *See id.* However, legal circumstances have since changed considerably. Two recent cases developed the standard governing § 3583(d)'s application to internet restrictions.

In *United States v. Ellis*, we explained that a ban on internet access will rarely be "reasonably necessary" because it is "a particularly broad restriction that imposes a massive deprivation of liberty," and more narrowly tailored restrictions tend to be available. 984 F.3d 1092, 1104–05 (4th Cir. 2021). Therefore, considering that the record contained no evidence of online criminality, we held that the internet ban at issue was overbroad. *Id.* Then, in *United States v. Hamilton*, we upheld an internet ban. 986 F.3d 413, 421–23 (4th Cir. 2021). Because the offense involved direct contact with a minor via the internet, and the defendant had a history of engaging in illegal conduct online, we found the internet restriction complied with § 3583(d).[*] *Id.*

---

[*] While neither of these precedents involved a further ban on non-internet usage of computers, cell phones, and other devices, they both cite cases that did involve such bans, and they both discuss the liberty interests at stake. *See Ellis*, 984 F.3d 1102–05; *Hamilton*, (Continued)

3

Here, Whitten argued that the electronic device restrictions amount to "a total ban" on devices that "have become significant and ordinary components of modern life," precluding him "from such benign purposes such as word processing . . ., paying a bill online, taking educational classes online, or participating in a video conference." Such a challenge now requires application of *Ellis* and *Hamilton*. Whitten's motion therefore rests on changed legal circumstances and is properly raised via § 3583(e)(2). *See McLeod*, 972 F.3d at 642–44.

Because these legal circumstances changed while the § 3583(e)(2) motion was pending appeal, we vacate the prior order and remand for the district court to apply these developments in the first instance. We also vacate and remand as to the motion for appointment of counsel for the district court to consider whether the changed circumstances newly warrant appointment.

*VACATED AND REMANDED*

---

986 F.3d at 421–23. Therefore, they are relevant and applicable to conditions restricting access to computers and cell phones as well.