**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

**No. 19-7578**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JOHN RICHARD ELINSKI,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:14-cr-00431-LMB-1)

_____

Submitted:  June 16, 2021                                 Decided:  July 12, 2021

_____

Before DIAZ, FLOYD, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John Richard Elinski, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

John Richard Elinski appeals the district court's order dismissing without prejudice Elinski's motion to modify his conditions of supervised release as premature. In 2015, Elinski pled guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). The district court sentenced him to 60 months' imprisonment and 10 years of supervised release. As part of the sentence, the district court imposed various special conditions of supervised release. Elinski did not appeal, but later filed an unsuccessful 28 U.S.C. § 2255 motion. Elinski filed the present motion after the denial of his § 2255 motion.

A district court may modify, reduce, or enlarge the conditions of supervised release at any time prior to the expiration or termination of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3583(e)(2). Section 3583(e)(2), however, does not authorize district courts to entertain challenges to the legality or reasonableness of supervised release conditions based on arguments that a defendant could have made when he was sentenced. *See United States v. McLeod*, 972 F.3d 637, 643-44 (4th Cir. 2020) ("An individual may not use § 3583(e)(2) as a substitute for appeal, belatedly raising challenges to the original conditions of supervised release that were available at the time of his initial sentencing."). By contrast, a defendant may bring such a motion to modify the terms of his supervised release based on "new, unforeseen, or changed legal or factual circumstances, including those that go to the legality of a sentence." *Id.* at 644.

Although the district court did not have the benefit of our decision in *McLeod* when ruling on Elinski's request, the court correctly rejected Elinski's arguments because he

2

failed to demonstrate any changed factual or legal circumstances warranting modification of the conditions of his supervised release. *See McLeod*, 972 F.3d at 643-44. Elinski's various challenges to the terms of his supervised release "rest[ed] on the factual and legal premises that existed at the time of his sentencing. Having not objected at sentencing . . . and having failed to file a direct appeal," Elinski cannot raise these challenges in a motion pursuant to § 3583(e)(2).

Accordingly, we deny Elinski's motion to appoint counsel and affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3