**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-4162**

───────────

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

     v.

WINDSOR WARNER KESSLER, III,

         Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:11-cr-00434-JKB-1)

───────────

Argued: March 10, 2023                                     Decided: May 31, 2023

───────────

Before WILKINSON, HARRIS, and RUSHING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ARGUED:** Julie Marie Reamy, JULIE M. REAMY, ATTORNEY AT LAW, LLC, Towson, Maryland, for Appellant. Paul Michael Cunningham, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** Erek L. Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2019, after completing a ten-year sentence for possession of child pornography, Windsor Warner Kessler, III, began a lifetime term of supervised release. In March 2022, the district court found that Kessler had violated his conditions of release by using marijuana. The court sentenced Kessler to three days' incarceration and continued his lifetime supervised release term.

On appeal, Kessler does not contest the district court's finding that he used marijuana or its consequent three-day sentence. Instead, he brings several claims relating to his preexisting special conditions of supervised release, which were reimposed, unaltered, at his revocation hearing. In particular, Kessler challenges restrictions on his use of the internet without a probation officer's approval as impermissibly overbroad, unconstitutionally vague, and an unconstitutional delegation of the court's Article III authority. *See, e.g.*, *United States v. Comer*, 5 F.4th 535, 547 (4th Cir. 2021). But Kessler failed to brief and argue these claims before the district court, and they are forfeited on appeal. Finding no plain error in the reimposition of Kessler's previous conditions of release, we affirm the district court's judgment.

Going forward, we note that Kessler is not without recourse to challenge these perceived deficiencies in his internet-use restrictions. Under 18 U.S.C. § 3583(e)(2), a defendant may move the district court to modify conditions of supervised release based on "new, unforeseen, or changed legal or factual circumstances." *United States v. McLeod*, 972 F.3d 637, 644 (4th Cir. 2020). And we have recognized claims similar to Kessler's as cognizable under § 3583(e)(2). *See United States v. Morris*, 37 F.4th 971, 977 (4th Cir.

2

2022) (holding that recent Supreme Court and Fourth Circuit precedent has sufficiently "altered the law surrounding internet-use conditions" to permit modifications under § 3583(e)(2)). We leave it to the district court to address in the first instance any "changed legal or factual circumstances" that may exist here.

*AFFIRMED*