### UNITED STATES of America, Plaintiff–Appellee,

v.

### Tommie Lee SUBER, Defendant–Appellant.

No. 02–4299.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2003.

Daniel Allen Brown, U.S. Attorney's Office, Columbus, OH, for Plaintiff–Appellee.

Tommie Lee Suber, pro se, Worthington, OH, for Defendant–Appellant.

Before: GIBBONS and SUTTON, Circuit Judges; and TARNOW, District Judge.*

### ORDER

This pro se federal prisoner appeals a district court order denying his motion for early termination of supervised release and directing him to file in the United States District Court for the Northern District of Georgia his petition for exemption from employment disability of a convicted person. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Tommie Lee Suber was tried by jury in the United States District Court for the Northern District of Georgia and found guilty of conspiracy to distribute heroin in violation of 21 U.S.C. § 846, and distribution of heroin in violation of 21 U.S.C. § 841. That court sentenced Suber to sixty-three months of imprisonment and four years of supervised release. Suber began serving his supervised release on August 17, 2000. On February 21, 2002, the Northern District of Georgia transferred supervision of Suber to the Southern District of Ohio.

On September 6, 2002, Suber filed pro se: 1) a motion for order terminating supervised release; and 2) a petition for exemption from employment disability of a convicted person. The district court denied Suber's motion for early termination of supervised release and directed Suber to file his petition for exemption from employment disability in the Northern District of Georgia. Suber appeals.

On appeal, Suber concedes that any issue pertaining to his petition for exemption from employment disability of a convicted person is not properly before the court. With respect to his motion for early termination of supervised release, however, Suber contends on appeal that the district court erred in its determination and application of the appropriate legal criteria for judging a motion for early termination of supervised release.

Suber's issues regarding his petition for exemption from employment disability of a convicted person are not reviewable on appeal. Issues that were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). Suber initially argued that his

prohibition from employment with a labor organization was unconstitutional and that the United States District Court for the Southern District of Ohio had the authority to consider his petition for exemption. Thereafter, Suber conceded that any issue pertaining to his petition for exemption is not properly before the court.

We review a district court's decision whether to terminate an individual's term of supervised release before the expiration of the term under 18 U.S.C. § 3583(e) under the narrow abuse of discretion standard. *Cf. United States v. Lowenstein,* 108 F.3d 80, 85–86 (6th Cir.1997) (reviewing revocation of supervised release for abuse of discretion). Suber contends that the district court was obligated to consider and address each of the seven statutory factors set forth in 18 U.S.C. § 3553(a), and that failure to do so is reversible error.

Section 3583 is the general section instructing district courts on the parameters of supervised release. The relevant text of § 3583(e) provides:

(e) Modification of conditions or revocation.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5) and (a)(6)—

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . . . 18 U.S.C. § 3583(e).

The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the

continued necessity for supervision after the individual has served one full year on supervised release.

The statute, however, is not exclusively limited to considerations of conduct. The language of the statute notes that the district court "may" terminate supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. The phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period. *United States v. Pregent,* 190 F.3d 279, 282 (4th Cir.1999). The conjunction "and" used in the statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice. *Id.*

Upon review, we conclude that the district court did not abuse its discretion. The first two statutory factors set forth in § 3553(a) are "the nature and circumstances of the offense" and the need "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(1) and (a)(2)(B). The district court plainly considered these factors in denying Suber's motion inasmuch as the district court denied Suber's motion in light of the gravity of the underlying offenses. In effect, the court determined that the nature of Suber's heroin distribution and conspiracy to distribute heroin was sufficiently grave to warrant continued supervised release, determined that continued supervised release was necessary in Suber's case to afford adequate deterrence, and in sum, determined that the early termination of Suber's supervised release was not in the interest of justice.

Suber's appellate argument is meritless. He contends that the district court was obligated to consider and address each of the seven statutory factors set forth in 18 U.S.C. § 3553(a), and that failure to do so is reversible error. Just as a sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines or how it weighed the factors set out in 18 U.S.C. § 3553, *see United States v. McClellan,* 164 F.3d 308, 310 (6th Cir.1999), a court considering whether to terminate an individual's term of supervised release before the expiration of the term need not recite any "magic words." The district court's stated reason for denying Suber early termination of supervised release is sufficient for informed appellate review.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. All outstanding motions are hereby denied.