NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0312n.06

No. 13-3199

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 24, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| A. EDDY ZAI, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GUY, GIBBONS, and GRIFFIN, Circuit Judges.

PER CURIAM. A. Eddy Zai appeals the district court's restitution order.

Pursuant to a plea agreement, Zai pleaded guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; two counts of defrauding a financial institution, in violation of 18 U.S.C. § 1344; bank bribery, in violation of 18 U.S.C. § 215; three counts of money laundering, in violation of 18 U.S.C. § 1957; and two counts of making false statements to a financial institution, in violation of 18 U.S.C. § 1014. The district court sentenced Zai to 87 months in prison and ordered him to pay restitution in the amount of $23,623,294.91.

On appeal, Zai raises the following challenges to the restitution order: (1) the order was improper because the amount exceeded the $16.7 million restitution figure that the parties agreed to in the plea agreement; (2) the evidence presented at sentencing was insufficient to support the amount of the restitution order; and (3) the district court erred by declining to reduce the restitution amount by the value of the property that was to be forfeited under the plea agreement.

We review de novo whether a restitution order is permitted under the law. *United States v. Batti*, 631 F.3d 371, 379 (6th Cir. 2011). We review the amount of a restitution order for an abuse of discretion. *Id.*

The district court's restitution order was not improper. First, despite Zai's argument to the contrary, the parties did not agree on the appropriate amount of restitution in the plea agreement, and, in any case, the district court was not bound by the terms of the agreement, *see* Fed. R. Crim. P. 11(c)(1)(B). Further, the National Credit Union Administration Board's victim declaration, which set forth the details concerning its pecuniary losses, provided a sufficient factual basis for the district court's restitution order. *See* 18 U.S.C. § 3664(e)-(f)(1)(A); *United States v. White*, 492 F.3d 380, 418 (6th Cir. 2007). As the government notes, Zai did not contest this evidence at sentencing. Finally, the district court did not err by declining to reduce the restitution amount by the value of the property that was to be forfeited under the plea agreement because, at the time of sentencing, the property had not yet been forfeited and turned over to the victim. *See United States v. Reese*, 509 F. App'x 494, 500 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 2780 (2013); *United States v. Taylor*, 582 F.3d 558, 567-68 (5th Cir. 2009); *United States v. Doe*, 374 F.3d 851, 856 (9th Cir. 2004).

Accordingly, we affirm the district court's restitution order.