NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0536n.06

Case No. 22-3371

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff - Appellee, | ) | Dec 21, 2022 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| A. EDDY ZAI, | ) | |
| Defendant - Appellant. | ) | OPINION |
| | ) | |

Before: COLE, GIBBONS, and BUSH, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Eddy Zai pled guilty to nine counts of bank fraud, bank bribery, money laundering, and false statements to a financial institution. After his release from prison and serving some of his term of supervised release, Zai moved for early termination of his supervised release. The district court denied the motion. Zai then moved for modification of the terms of his supervised release. Again, the district court denied his motion.

Zai appeals both district court orders. He first argues that his plea agreement did not waive his right to appeal these orders. Next, he contends that the district court abused its discretion when it denied both of his motions without explanation. Finally, Zai seeks reassignment to a different district court judge if the court were to vacate and remand.

Because Zai did not waive his right to challenge the denial of a motion to modify or terminate supervised release, we consider his appeal. Further, because the record does not indicate whether the district court considered the relevant § 3553(a) factors when denying Zai's motions, we find that the district court abused its discretion. We therefore vacate the district court's denial

of both motions and remand for reconsideration with adequate explanation. We also deny Zai's request for reassignment to a different judge because the factors under *Rorrer* do not warrant reassignment.

I.

In November 2012, Zai pled guilty to conspiring with Anthony Raguz, the Chief Operating Officer of St. Paul Croatian Federal Credit Union ("St. Paul"), to defraud St. Paul by fraudulently obtaining millions of dollars in loans. His plea agreement contained a "Waiver of Appellate Rights" section in which Zai waived his rights to directly appeal his conviction and sentence, as well as to challenge them collaterally through a post-conviction proceeding.

The court sentenced Zai to concurrent imprisonment terms of sixty months on count one and eighty-seven months on the remaining counts, followed by concurrent terms of three and five years of supervised release. It also ordered Zai to pay restitution in the amount of $23,623,294.91.[1]

Zai served his prison sentence and, on July 19, 2019, began his term of supervised release. His term of supervised release is scheduled to terminate on July 18, 2024. On November 4, 2021, he filed a *pro se* motion for early termination of supervised release. His motion included information about his service as a "model inmate" at USP Hazelton, the courses he took and taught, the mentorship he provided, and his efforts to maintain relationships with his children. *See* DE 268, Mot. for Early Termination, PageID 4154. Zai recounted how he obtained gainful employment, resumed his role as an involved parent, and engaged in further mentorship upon release. Finally, he requested early termination to "move forward with [his] life" and to mitigate

---

[1] Zai appealed the district court's restitution order, which this Court affirmed. *See United States v. Zai,* 564 F. App'x 215, 215-16 (6th Cir. 2014) (per curiam).

difficulties related to traveling for work and seeing his children. *Id.* at PageID 4155. He attached four generous reference letters to his motion.

The Probation Office's March 21, 2022 Supervision Report addressed Zai's motion. It first acknowledged that "[t]here have been no issues of noncompliance and Mr. Zai has appeared to adjust well in the community" and noted his gainful employment and income, including his payment of approximately $22 million of his $23.6 million restitution obligation. DE 273, Order, PageID 4171-72. The Probation Office also reported that Zai reached an agreement with the government's Financial Litigation Program ("FLP") to satisfy the remaining restitution balance, and that the FLP would monitor Zai's compliance with the agreement if the court were to terminate supervision. Further, the Supervision Report stated that, due to Zai's payment agreement with the FLP, the government did not oppose Zai's request for early termination. However, despite Zai's behavior and the government's lack of opposition to his motion, the Probation Office "d[id] not recommend early termination due to Mr. Zai continuing to owe restitution in this case." *Id.* at PageID 4172.

Two days after the Probation Office issued its Report opposing early termination, the district court denied Zai's motion by refiling the Supervision Report, checking the box next the statement "The Request is Denied," and signing the last page. *Id.* at PageID 4173.

After receiving this denial, Zai moved to modify his supervised release conditions. He requested permission to travel internationally without advance permission from the court or Probation Office, as it was critical to his continued employment. Three days later, without any

position on the requested relief filed on the record by the government or the Probation Office, the court denied the request without explanation. Zai appealed the district court's orders.[2]

## II.

This court reviews de novo whether an appeal waiver bars an appeal. *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). "A defendant may waive any right, even a constitutional one, in a plea agreement, so long as he knowingly and voluntarily relinquishes the right." *United States v. Curry*, 547 F. App'x 768, 770 (6th Cir. 2013) (citing *United States v. Gibney*, 519 F.3d 301, 305-06 (6th Cir. 2008)).

If Zai has not waived his right to appeal the district court's denial of motions for early termination or modification of supervised release, the court reviews the district court's decisions for abuse of discretion. *United States v. Suber*, 75 F. App'x 442, 443 (6th Cir. 2003); *cf. United States v. Lowenstein*, 108 F.3d 80, 85-86 (6th Cir. 1997) (reviewing revocation of supervised release for abuse of discretion). To find that a district court abused its discretion, we must have "a definite and firm conviction that the trial court committed a clear error of judgment by relying on clearly erroneous findings of fact, using an erroneous legal standard, or improperly applying the law." *United States v. Barcus*, 892 F.3d 228, 235 (6th Cir. 2018) (quoting *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006) (internal quotations omitted)).

## III.

Zai first argues that his plea agreement's appellate waiver does not bar his right to appeal the district court's denial of his motions for early termination and modification of release. Next, he asserts that the district court abused its discretion by failing to consider and address the relevant

---

[2] The government states that Zai did not file his notice of appeal concerning the district court's denial of his motion for early termination within fourteen days of the court's order pursuant to Federal Rule of Appellate Procedure 4(b) but waives its objection.

§ 3553(a) sentencing factors when denying his motions. Finally, Zai argues that the case should be reassigned to a different judge on remand because the judge has shown bias against Zai.

As a threshold matter, the appellate waiver does not bar Zai's right to appeal the district court's denial of his motions. Further, upon review of the district court's actions, we find that it abused its discretion by denying Zai's motions without any indication that it considered or addressed the relevant § 3553(a) sentencing factors when making its decision. We therefore vacate the district court's orders and remand for reconsideration with adequate explanation. We deny Zai's request for reassignment because the judge has not shown bias against Zai, and it would waste judicial resources disproportionate to the preservation of the appearance of fairness.

A.

Zai argues that the appellate waiver in his plea agreement did not preclude his right to appeal the district court's denial of his motions for early termination and modification of supervised release. He contends that the appellate waiver prohibits only direct appeals of and post-conviction collateral attacks to his conviction or sentence. Because his appeal of the court's denial of his motions is neither a direct appeal nor a collateral attack, he argues that it falls outside the scope of the waiver. In response, the government argues that because Zai waived his right to appeal his sentence and supervised release is part of that sentence, his appeal is barred. We agree with Zai.

To interpret the scope of the appellate waiver, courts employ "traditional tools of contract interpretation." *Curry*, 547 F. App'x at 770 (citing *United States v. Freeman*, 640 F.3d 180, 194 (6th Cir. 2011)). "But because plea agreements' constitutional and supervisory implications raise concerns over and above those present in the traditional contract context, in interpreting such agreements we hold the government to a greater degree of responsibility than the defendant . . . for

imprecisions or ambiguities in the plea agreements." *Freeman*, 640 F.3d at 194 (quoting *United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011) (alteration in original)). Any ambiguity in a plea agreement is construed against the government, "especially because the government can take steps in drafting a plea agreement to avoid imprecision." *Id*. (quoting *Bowman*, 634 F.3d at 360 (internal citations omitted)).

In Zai's plea agreement, the "Waiver of Appellate Rights" section reads as follows:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 18 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing range . . . ; (c) the Court's determination of Defendant's Criminal History Category; (d) a restitution order to the extent it exceeds $16.7 million; or (e) the imposition of a fine. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

DE 112, Plea Agreement, PageID 896-97.

The government relies on an unpublished Sixth Circuit opinion to argue that, because Zai's period of supervised release is part of his sentence, his waiver of his right to appeal his sentence bars the instant appeal. CA6 R. 13, Appellee Br., at 21 (citing *United States v. Nykoriak*, 803 F. App'x 919, 920 (6th Cir. 2020) (Gibbons, J.)). In *Nykoriak*, the panel found that the petitioner waived his right to appeal the denial of a motion for early termination because the petitioner's plea agreement waived "*any* right he may have to appeal his sentence," except for one express exclusion: the right to challenge an above-guidelines-range sentence. *Id*. at 920 (emphasis added). The panel acknowledged that the plea agreement's broad waiver did not specifically exclude the

ability for the petitioner to appeal a denial of a motion for early termination, and that his appeal from such a denial was barred. *Id.*; *see also United States v. Winans,* 748 F.3d 268, 270 (6th Cir. 2014) ("Defendant waives any right he may have to appeal his conviction . . . [and] *any right* he may have to appeal his sentence.") (emphasis added).[3]

Unlike the waiver in *Nykoriak*, Zai's appellate waiver is more limited. Instead of broadly waiving "any" appellate right, Zai agreed specifically to waive the right to appeal his conviction or sentence and the right to make a post-conviction collateral attack, including under 28 U.S.C. § 2255. That waiver does not expressly waive the right to appeal the denial of a motion to modify or terminate a term of supervised release. On the other hand, the five exceptions to the appellate waiver included in his plea agreement do not specifically permit such an appeal.

This ambiguity compels the court to construe the terms of the agreement against the government and in favor of the right to appeal. *See Freeman*, 640 F.3d at 194. The government could have drafted a more precise appellate waiver provision in the plea agreement. Such explicit waivers in the context of § 3582(c) motions for modification of a term of imprisonment, for instance, have barred defendants' attempts to appeal the denial of these motions. *Cf. United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) (finding early termination under § 3583(e)(1) "sufficiently analogous" to sentence reduction under § 3582(c)(2)). In *United States v. Clardy*, we affirmed the district court's decision that a defendant's plea agreement barred his § 3582(c) motion when the defendant's appellate waiver included "any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, *and /or 18 U.S.C. § 3582(c).*"

---

[3] *Winans* was later affirmed in *United States v. Grundy*, 844 F.3d 613 (6th Cir. 2016), a case involving a similarly broad appellate waiver. *See* 844 F.3d at 614 (defendant agreed to "waive[ ] *any right* he may have to appeal his sentence" if "the sentence imposed does not exceed the 210 month maximum allowed by Part 3 of th[e] agreement.") (alterations in original) (emphasis added).

877 F.3d 228, 229 (6th Cir. 2017) (per curiam) (emphasis added). The Seventh Circuit has upheld a similarly explicit waiver encompassing the right to seek "modification" of a sentence. *See United States v. Bridgewater*, 995 F.3d 591, 595 (7th Cir. 2021) (defendant "waived 'the right to seek *modification* of . . . any aspect of the . . . sentence'") (emphasis added). But faced with an appellate waiver lacking this specificity, the Tenth Circuit allowed an appeal of the denial of a motion for early termination of probation because it was based on events taking place after the imposition of the original sentence. *See United States v. Hartley*, 34 F.4th 919, 927 (10th Cir. 2022) ("Had the government wished to bar appeals from the denial of motions for early termination of probation, it could have included specific language.").

Further, the existence of new circumstances makes an appeal of the denial of a motion to modify or terminate the conditions of supervised release different from a direct appeal or collateral attack to an original conviction or sentence. For example, motions for sentence reductions under 18 U.S.C. § 3582(c) are treated differently than an attack on an original sentence under 28 U.S.C. § 2255. *See Clardy*, 877 F.3d at 230 ("Motions under § 2255 and § 2241 . . . are commonly referred to as collateral attacks; motions under § 3582(c)—which merely allows courts to reduce sentences—are not."). Similarly, Zai does not request a change to the terms of his original sentence but, instead, requests that the court consider whether to grant early termination by considering new circumstances. Zai could not have asked for termination of his supervised release, or modification of its terms, when his sentence was imposed because the circumstances on which he relied—the need for employment-related travel, for instance—only existed *after* he gained such employment. His factual circumstances differ from those in *Nykoriak*, where the petitioner's motion seeking early termination to visit an ill uncle, travel for a religious event, and respond to civil process in Ukraine concerning his inheritance did not indicate that these circumstances were new or

nonexistent at the time of his original sentencing. *See Nykoriak*, 803 F. App'x at 920. Indeed, early termination of supervised release should occur only when the sentencing judge is satisfied that "new or unforeseen circumstances" warrant it. *United States v. Faber*, 950 F.3d 356, 359 (6th Cir. 2020) ("Section 3583(e)(2) allows district courts to adjust supervised release conditions to account for new or unforeseen circumstances. It is not, however, a duplicate path for postconviction review.").

Zai's motions are also distinguishable from § 3583(e) motions that simply repeat sentencing arguments that could be made on direct appeal or by collateral attack, which would be barred by a plea agreement waiving the right to make such challenges. *See United States v. Lostutter*, No. 18-5321, 2018 U.S. App. LEXIS 33323, at *4-5 (6th Cir. Nov. 27, 2018) (holding that the petitioner's original motion and his appeal from the district court's ruling were "effectively a collateral attack on his original sentence," which he had waived). Zai's 3583(e)(2) motion did not raise challenges that could be raised on a direct appeal or as part of a collateral attack, so this issue does not arise.

Because the terms of the appellate waiver provision of Zai's plea agreement are ambiguous, we construe them against the government and in favor of his right to appeal. We conclude that Zai's plea agreement did not waive his ability to make this appeal.

B.

Zai moves for early termination of his supervised release under 18 U.S.C. § 3583(e)(1). This provision first requires that the defendant have already served one full year on supervised release. 18 U.S.C. § 3583(e)(1). When that statutory requirement is met, a district court may grant early termination of supervised release if it concludes that such relief "is warranted both by the individual's conduct and also by the interest of justice." *Suber*, 75 F. App'x. at 444 (citing *United*

*States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999)). Under this provision, a district court entertaining a motion for early termination must also consider the following sentencing factors set forth in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the serious of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for [the defendant's crimes] . . .; (5) any pertinent policy statements issued by the Sentencing Commission . . . ; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)–(7); *see also Suber*, 75 F. App'x at 443.

Zai argues that the district court abused its discretion by failing to consider and address these factors when it denied his motions without explanation. In response, the government asserts that the district court's choice to issue its decision in the form of a response to the supervision report was proper because it "shows that it reviewed, relied upon, and agreed with that report in denying Zai's motion," and the supervision report contains sufficient reasons for denial. CA6 R. 13, Appellee Br., at 26. While case law instructs that a district court must consider the § 3553(a) factors in the context of a § 3583(e) motion, we must determine whether it must also demonstrate its consideration of these factors.

Our case law supports that the district court need not recite "magic words" but must still demonstrate that the relevant factors are considered when deciding motions to terminate or modify supervised release. In *United States v. Suber*, this court held that a district court did not abuse its discretion by failing to explicitly consider these factors because its decision to deny the motion "in light of the gravity of the underlying offenses" implicitly demonstrated the court's reliance on two

specified § 3553(a) factors: the "nature and circumstances of the offense" and the need "to afford adequate deterrence to criminal conduct." 75 F. App'x at 444 (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B)). Requiring some indication of the consideration of these factors is this circuit's approach to ruling on 18 U.S.C. § 3582(c)(2) motions, where the record must indicate that the court considered the relevant sentencing factors when determining whether to reduce a defendant's sentence. *See United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010) ("[W]e do not require the district court to articulate its analysis of each sentencing factor as long as the record demonstrates that the court considered the relevant factors."); *see also Johnson,* 877 F.3d at 997-98 (analogizing § 3582(c) and § 3583(e) approaches). Thus, a district court's reasoning for the denial of such a motion for early termination or for modification of a term of supervised release must demonstrate consideration of the relevant factors even if the court does not describe its analysis of each factor. *See Watkins,* 625 F.3d at 281; *see also United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014) ("A district court's duty to explain its sentencing decisions must also extend to requests for early termination of supervised release").

Zai began his term of supervised release on July 19, 2019 and moved for early termination of supervised release on November 4, 2021. He therefore satisfies the one-year statutory eligibility requirement for early termination under 18 U.S.C. § 3583(e)(1). We turn to whether the court properly addressed the specific § 3553(a) factors when denying him relief. Because the record does not indicate that these factors were considered, the district court abused its discretion.

Instead of issuing a regular "order," the district court denied Zai's motion for early termination by refiling the Probation Office's Supervision Report, signing the last page, and crossing a box next to the statement "The Request is Denied." DE 273, Order, PageID 4173. The government argues that the district court's reliance on the Supervision Report sufficiently

established the court's consideration of the § 3553(a) sentencing factors because the Supervision Report's reliance on Zai's outstanding restitution balance and the court's "extensive prior knowledge of Zai and the case" was sufficient to deny the motion. CA6 R. 13, Appellee Br., at 25-26.

Zai maintains that the district court never explained its denial and that signing and refiling the Supervision Report "does not fill the gap." CA6 R. 14, Reply, at 13. He first argues that the Probation Report's exclusive reliance on Zai's outstanding restitution to recommend continuing supervision was improper under judicial policy because Zai was complying with a payment plan. Next, he challenges the government's argument that the Supervision Report considered relevant § 3553(a) sentencing factors. Finally, he contends that, because he provided substantial reasons supporting his motions and because the government did not oppose the relief sought, the court had a heightened obligation to explain its denial. CA6 R. 14, Reply Br., at 11-12 (citing *Mathis-Gardner*, 783 F.3d at 1289 (holding that the district court abused its discretion in part because it failed to explain why it discounted the government's request that the court terminate supervision)).

First, we agree that any reliance on outstanding restitution could not justify denying relief here. Judicial policy instructs that "[t]he existence of an outstanding financial penalty does not adversely affect early termination eligibility, as long as the person under supervision is in compliance with the payment plan for the prior 12 months." Guide to Judiciary Policy, Vol. 8, § 360.20(e) (July 2, 2018). Zai complied with his payment plan[4] and reached an agreement with

---

[4] The record reveals that there was some discrepancy with the Zai's restitution payments from December 2019 to June 26, 2020, but the Probation Office's June 26, 2020 Supervision Report notes that the U.S. Attorney's Office and Zai's attorney were consulting about the amount of payment credits Zai was entitled to receive from his codefendant's payments on their joint and several restitution order. The Supervision Report recommended that no court action be taken because a resolution of this issue was "expected." DE 248, Supervision Report, at PageID 4009. Because the Probation Office's April 20, 2021 Supervision Report acknowledges that Zai was

the FLP to satisfy his financial obligations "should [he] be granted early termination[.]" DE 273, Order, PageID 4172. Because Zai followed his payment plan, the district court's silent reliance on a report recommending supervision on this basis does not demonstrate that the court appropriately considered any relevant factors.

Moreover, it is not evident from the district court's silent endorsement of the Probation Report that the court actually considered any other sentencing factors. Unlike in *Suber*, where the district court grounded its denial of the defendant's motion "in light of the gravity of the underlying offenses," *see* 75 F. App'x at 444, which the panel considered an implicit consideration of two statutory sentencing factors, here, the district court did not indicate which portion of the Supervision Report was most persuasive. We can only presume it was the Supervision Report's only stated rationale for its recommendation: Zai's outstanding restitution balance. Any other information possibly supportive of other sentencing factors is not the focal point of the Report and would not indicate that it justified the district court's decision.

Without more clarity or explanation from the district court, it "is impossible to discern from the record how or why denying the motion to terminate comported with consideration of the relevant § 3553(a) factors." *See Mathis-Gardner*, 783 F.3d at 1290.[5] Based on the district court's

---

"compliant with submitting monthly payments towards his restitution," *see* DE 266, Supervision Report, at PageID 4148, and the government does not itself raise this potential discrepancy, we assume for purposes of this motion that this credit issue was resolved in Zai's favor and did not disrupt his period of compliance.

[5] In addition to failing to explain how it considered the § 3553(a) factors, the district court does not acknowledge the government's lack of opposition to Zai's motion, the contents of its motion, or Zai's substantial argument that he demonstrated the "exceptionally good behavior" that can merit early termination. *See United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). These were all factors that supported the D.C. Circuit's decision in *Mathis-Gardner* to conclude that the district court abused its discretion. 783 F.3d at 1289. However, we decline to find that these circumstances put a heightened obligation on the district court to address the sentencing factors.

refiling of the Supervision Report alone, we find no indication that the district court considered the relevant § 3553(a) sentencing factors when denying Zai relief. We conclude that the district court abused its discretion, and we therefore vacate its orders and remand for reconsideration by the district court with adequate explanation.

C.

Under 28 U.S.C. § 2106, appellate courts are authorized to order the reassignment of a case on remand. "Reassignment is an extraordinary power and should be rarely invoked.'" *Rorrer v. City of Stow,* 743 F.3d 1025, 1049 (6th Cir. 2014) (quoting *U.S. ex rel. Williams v. Renal Care Grp., Inc.,* 696 F.3d 518, 532–33 (6th Cir. 2012)). To evaluate the necessity of reassignment, courts consider:

> (1) whether the original judge would reasonably be expected to have substantial difficulty in putting out of his or her mind previously expressed views or findings; (2) whether reassignment is advisable to preserve the appearance of justice; and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Id*. (quoting *Williams*, 696 F.3d at 532-33). A judge's opinions that "display a deep-seated favoritism or antagonism that would make fair judgment impossible" may constitute a basis for a motion based on bias, but "judicial rulings alone almost never constitute a valid basis" for such a motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Zai argues that all three factors under *Rorrer* favor reassignment. First, he argues that the original judge would have substantial difficulty in ignoring his previous orders because he denied Zai's motions without explanation within days of receiving them, despite delaying his decision on Zai's motion to deem restitution satisfied by one year. Second, Zai argues that reassignment would preserve the appearance of justice in the face of the judge's "hasty and unexplained rulings" which have created perceived bias against Zai. CA6 R. 10, Appellant Br., at 30. There is heightened

evidence of partiality, argues Zai, because Judge Adams sentenced him to the high end of the Guidelines range, set his restitution amount at nearly $7 million more than the amount agreed upon by Zai and the government, and imposed the maximum term of supervised release. Finally, Zai argues that reassignment would not be too difficult—and judicial resources not wasted—because a new judge need only rule on Zai's unopposed motions regarding supervised release.

In response, the government argues that none of the district court's rulings support Zai's claim of perceived bias. It states that the timing of the court's order on different motions is of no effect: the complexity of Zai's motion to deem restitution satisfied required more resources than did Zai's motions for termination/modification of supervised release, and the district court's reasoning for the latter two was apparent from the Supervision Report. The government also defends the court's imposition of Zai's original sentence, asserting that the court applied a presumptively reasonable within-Guidelines sentence and was within its discretion to impose restitution exceeding the agreed-upon loss amount because Zai and the government disagreed on the restitution amount to be paid. CA6 R. 13, Appellee Br., at 31 (citing, inter alia, *United States v. Jeffries*, 820 F. App'x 346, 351 (6th Cir. 2020)). Moreover, the government notes that Zai did not identify any specific comments made by the judge that would "undermine the appearance of justice" sufficient to warrant reassignment. *Id*. at 32 (quoting *Williams*, 696 F.3d at 533). Finally, the government argues that reassignment of Zai's case would disproportionately waste judicial resources, given the complexity of the case and the disagreement between Zai and the government as to the necessity of reassignment.

We conclude that reassignment of Zai's case is not warranted. Here, it is unreasonable to expect that the original judge would have difficulty ignoring his previous findings on supervised release. Unlike *Howe v. City of Akron*, 801 F.3d 718, 756 (6th Cir. 2015), in which the original

judge agreed that he would have "substantial difficulty" ignoring his previously expressed views, Judge Adams has not acknowledged any difficulty doing so here, and the record contains no previously expressed views or findings regarding the motions on supervised that would be hard to ignore. Second, his previous rulings do not "display a deep-seated favoritism or antagonism." *See Liteky*, 510 U.S. at 555. Indeed, the reasonableness of Zai's within-Guidelines sentence, including his period of supervised release, can be presumed, *see Jeffries,* 820 F. App'x at 351, and his restitution amount was already affirmed by this court on appeal. *See United States v. Zai,* 564 F. App'x 215, 215-16 (6th Cir. 2014) (per curiam). Although a newly-assigned judge would likely have little difficulty becoming informed on the remanded motions, reassignment of this case is not required on this record. Zai's request for reassignment on remand therefore fails.

IV.

For the foregoing reasons, we vacate the district court's orders and remand for reconsideration with adequate explanation of the court's decision.