NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2238
_____

UNITED STATES OF AMERICA

v.

BRIAN LEE NESTOR,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 07-cr-00369 )
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2012

Before:  SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Filed: February 9, 2012 )
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Brian Lee Nestor appeals from an order of the United States District Court for the

Western District of Pennsylvania.  For the reasons that follow, we will affirm the

judgment of the District Court.

## I.

In 2008, Nestor was indicted on one count each of attempting to induce a child to engage in sexual activity in violation of 18 U.S.C. § 2422(b), and possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)( B). He pleaded guilty to the child pornography charge, but proceeded to trial on the inducement charge. A jury found him guilty and the District Court sentenced him to 120 months of imprisonment, to be followed by a ten-year term of supervised release. Nestor appealed his judgment and we affirmed. See United States v. Nestor, 574 F.3d 159 (3d Cir. 2009). The District Court later denied Nestor's motion pursuant to 28 U.S.C. § 2255 and we declined to issue a certificate of appealability.

In April 2011, Nestor filed a motion to modify the terms of his supervised release in the District Court pursuant to 18 U.S.C. § 3583(e)(2) seeking: (1) reduction of the ten-year term of supervised release following his term of imprisonment; (2) modification of the condition of his release that he shall not illegally possess a controlled substance and shall refrain from the use of alcohol; and (3) modification of the condition of release that he participate in a program of testing and, if necessary, treatment for substance abuse, including alcohol, as directed by a probation officer. The District Court denied Nestor's motion. Nestor timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a District Court's decision to deny Nestor's motion pursuant to 18 U.S.C. § 3583(e) for abuse of discretion.

2

United States v. Smith, 445 F.3d 713, 716 (3d Cir. 2006). A District Court has broad

discretion to impose conditions of supervised release. Id. However, the discretion is "not

unfettered, and must be exercised according to 18 U.S.C. § 3583." United States v.

Heckman, 592 F.3d 400, 405 (3d Cir. 2010). Section 3583(d) provides, inter alia, that

any such condition of supervised release: (1) "must be 'reasonably related' to the factors

set forth in 18 U.S.C. § 3553(a);" and (2) "must impose 'no greater deprivation of liberty

than is reasonably necessary' to deter future criminal conduct, protect the public, and

rehabilitate the defendant." United States v. Voelker, 489 F.3d 139, 143-44 (3d Cir.

2007) (quoting 18 U.S.C. § 3583(d)). A District Court has also discretion to later

terminate, extend, modify, reduce, enlarge or revoke the terms and conditions of a

defendant's supervised release. See 18 U.S.C. § 3583(e)(1)-(3).

After carefully reviewing the record on appeal and the parties' submissions, we

conclude that the District Court committed no error denying Nestor's motion. As

mentioned, Nestor filed his motion pursuant to 18 U.S.C. § 3583(e)(2).[1] To the extent

that Nestor sought to reduce the length of his term of supervised release, his request is

foreclosed by § 3582(e)(1). Section 3583(e)(1) contemplates the reduction of a term of

---

[1] Section 3583(e)(2) provides: "The court may, after considering the factors set forth in
section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)-(2)
extend a term of supervised release if less than the maximum authorized term was
previously imposed, and may modify, reduce, or enlarge the conditions of supervised
release, at any time prior to the expiration or termination of the term of supervised
release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to
the modification of probation and the provisions applicable to the initial setting of the
terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2).

3

supervised release only after a defendant has served one year of his term of supervised release. See 18 U.S.C. § 3583(e)(1). Nestor does not dispute that he is less than four years into his sentence of incarceration and several years shy of commencement of his term of supervised released. Therefore, the District Court did not err in denying that request.

To the extent that Nestor sought to modify the conditions of his supervised release as they relate to the possession and consumption of alcohol and other controlled substances, as well as the testing for and potential treatment of those substances, we discern no error on the part of the District Court in denying those requests either. On appeal, Nestor presents no argument that the District Court failed to consider any circumstances warranting modification of the conditions of his supervised release.[2] Rather, his arguments challenge the reasonableness and legality of the District Court's original setting of the terms and conditions of his supervised release.

We agree with the Government that Nestor should have raised those challenges either on direct appeal or in his § 2255 motion. See United States v. Pultrone, 241 F.3d 306, 307-08 (3d Cir. 2001); United States v. Lussier, 104 F.3d 32, 36-37 (2d Cir. 1997). Nestor may not now use section 3583(e)(2) to gain review over issues which should have

---

[2]An appellant is "required to set forth the issues raised on appeal and to present an argument in support of those issues in [his] opening brief." Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993). "It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal." United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

been raised in earlier proceedings.  Indeed, "[t]he plain language of subsection 3583(e)(2) indicates that the illegality of a condition of supervised release is not a proper ground for modification under this provision."  Lussier, 104 F.3d at 34.

Accordingly, we will affirm the judgment of the District Court.  Nestor's request for the appointment of counsel is denied.  See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).  Nestor's motion to strike Appellee's response is also denied.