**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1108
_____

ABDUL A. JALUDI,
                                    Appellant
v.

CITIGROUP AND COMPANY or
one or more of its direct or
indirect subsidiaries

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:15-cv-02076)
District Judge: Honorable Malachy E. Mannion
_____

Argued: May 25, 2022

Before: KRAUSE, BIBAS, and PHIPPS, *Circuit Judges*

(Filed: January 4, 2023)
_____

Christina Bowen                    **[ARGUED]**
Emily Erwin
Mary E. Levy

Arielle Schoenburg
TEMPLE UNIVERSITY
BEASLEY SCHOOL OF LAW
1719 N. Broad St.
Philadelphia, PA 19122

Jessica Rickabaugh
TUCKER LAW GROUP
1801 Market St.
Ten Penn Center, Suite 2500
Philadelphia, PA 19103

*Counsel for Appellant*

Christen L. Casale
SALMANSON GOLDSHAW
1500 John F. Kennedy Blvd.
Two Penn Center, Suite 1230
Philadelphia, PA 19102

Thomas A. Linthorst          **[ARGUED]**
MORGAN LEWIS & BOCKIUS
502 Carnegie Center
Princeton, NJ 08540

William R. Peterson
MORGAN LEWIS & BOCKIUS
1000 Louisiana St., Suite 4000
Houston, TX 77002

*Counsel for Appellee*

---

OPINION OF THE COURT

---

BIBAS, *Circuit Judge*.

Procedural errors can sink a case, even if they are not jurisdictional. Abdul Jaludi made two such errors on his way to federal court: he filed his administrative complaint after the statute of limitations had run, and he sued before exhausting his administrative remedies. Though neither mistake was jurisdictional under the Sarbanes-Oxley Act, his delay in filing justified the District Court's dismissal. We will thus affirm.

## I. BACKGROUND

Jaludi had a flourishing career at Citigroup. But after he reported company wrongdoing, he was demoted, transferred, and (in 2013) let go. His troubles did not end there. Citigroup, he claims, blacklisted him from the whole financial industry.

In 2015, Jaludi sued Citigroup for retaliation. He brought claims under both the Sarbanes-Oxley Act and the Racketeer Influenced and Corrupt Organizations Act. The District Court sent his claims to arbitration.

Jaludi appealed the arbitration order. In early 2018, while that appeal was pending, he filed an administrative complaint with the Secretary of Labor. That complaint rehashed the allegations here, and added one more: In late 2017, a headhunter had stopped returning his calls. Citigroup, he suspected, was behind this silent treatment. We then decided his appeal, holding that he need not arbitrate his Sarbanes-Oxley claims, and

remanded to let them proceed in court. *Jaludi v. Citigroup*, 933 F.3d 246, 248 (3d Cir. 2019).

But Jaludi's victory was short-lived. On remand, the District Court dismissed for failure to state a claim because his administrative complaint was untimely. Though Sarbanes-Oxley required an administrative complaint within 180 days of the retaliatory conduct, he had waited more than two years after the last incident.

We appointed Mary Levy of Temple University's Beasley School of Law to brief this appeal on Jaludi's behalf, together with her law students Christina Bowen, Emily Erwin, and Arielle Schoenburg. Jessica Rickabaugh also contributed to the brief, and Bowen argued the case for Jaludi. We thank them all for their service to our Court.

On appeal, both parties say the District Court got it wrong. Jaludi says the court should have granted him leave to amend because the 2017 allegation that he added in his administrative complaint happened fewer than 180 days before that complaint, making it timely. Citigroup says that Jaludi failed to exhaust his administrative remedies before suing, so the court should have dismissed for lack of jurisdiction.

## II. UNDER SARBANES-OXLEY, NEITHER TIMELINESS NOR EXHAUSTION IS JURISDICTIONAL

We start, of course, with jurisdiction, which we review de novo. *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010). Congress can limit our jurisdiction by imposing procedural requirements. But not all procedural requirements are jurisdictional. Some speak only to the

parties' duties, not our power. *Boechler, P.C. v. Comm'r*, 142 S. Ct. 1493, 1497 (2022). They prescribe the route that parties must take to the courthouse doors but do not lock those doors. To be sure, violations of a nonjurisdictional procedural requirement often end in dismissal. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019). But because they do not deprive us of jurisdiction, we can sometimes overlook or excuse them. *Boechler*, 142 S. Ct. at 1497.

By contrast, violating a jurisdictional procedural requirement locks the courthouse doors. "Jurisdictional requirements cannot be waived or forfeited, must be raised by courts *sua sponte*, and … do not allow for equitable exceptions." *Id.* Because these consequences are severe, Congress must state clearly that a procedural requirement is jurisdictional. *Id.* It need not use magic words. Instead, "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." *United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015).

One such traditional tool is statutory context. *Id.* at 411. The Supreme Court "has often explained that Congress's separation of a [procedural bar] from a jurisdictional grant indicates that the … bar is not jurisdictional." *Id.*; *see, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 505, 514–15 (2006) (explaining that Title VII's fifteen-employee threshold was not jurisdictional because Congress put it in the statute's definitional section, not its jurisdictional provision); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 164–65 (2010) (emphasizing that neither of the provisions granting district courts jurisdiction to hear copyright-infringement actions mentions the Copyright Act's

registration requirement). But it is not enough to put a procedural bar and a jurisdictional grant in the same provision, or even in the same sentence. *Boechler*, 142 S. Ct. at 1499. Rather, there must be "a clear tie between" the two. *Id.*

Jaludi made two procedural mistakes. First, he waited more than 180 days to file an administrative complaint and thus exceeded Sarbanes-Oxley's statute of limitations. 18 U.S.C. § 1514A(b)(2)(D). Second, he did not file that complaint until after he sued in federal court, violating the exhaustion requirement. *Id.* § 1514A(b)(1)(B). As the District Court rightly held, neither requirement is jurisdictional.

### A. Sarbanes-Oxley's statute of limitations is not jurisdictional

The Act's statute of limitations is not jurisdictional. That provision specifies that an administrative complaint must be filed "not later than 180 days after the date on which the violation occurs, or after the date on which the employee became aware of the violation." 18 U.S.C. § 1514A(b)(2)(D). It does not "speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982). It is tucked under a paragraph labeled "Procedure" and is structurally separate from any provision mentioning jurisdiction. *See Kwai Fun Wong*, 575 U.S. at 411–12; *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 439 (2011). The Act gives no hint, let alone a "clear" one, that this time limit is jurisdictional. *Kwai Fun Wong*, 575 U.S. at 409–10. Plus, we recently held that an almost identically worded time limit in another statute was not jurisdictional. *Guerra v. Consol. Rail Corp.*, 936 F.3d 124,

133–35 (3d Cir. 2019). So as the District Court held, Jaludi's delay past the statute of limitations did not defeat jurisdiction.

**B. Nor is its exhaustion requirement jurisdictional**

Jaludi's failure to file an administrative complaint before suing is a closer case. Sarbanes-Oxley specifies that a party "may seek relief" by

(A) filing a complaint with the Secretary of Labor; or

(B) if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.

18 U.S.C. § 1514A(b)(1). Section 1514A(b)(1)(B) is a kick-out provision: it lets a party sue in district court if the administrative process drags on too long. This provision implicitly requires exhaustion. A party can sue in district court only *after* filing an administrative complaint.

The exhaustion requirement is not clearly jurisdictional. True, several factors plausibly support reading it as jurisdictional. But a plausible or even preferable reading is not enough to make a statement clear. *Boechler*, 142 S. Ct. at 1499. Though structurally the exhaustion requirement sits in a separate paragraph from the one titled "Procedure," that paragraph's heading does not mention jurisdiction. And though it is in a single sentence that also mentions jurisdiction at the end, we must parse that sentence to discern which parts are jurisdictional. *Id.*

(citing *Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975)). Most of the sentence addresses litigants, as nonjurisdictional provisions typically do. *E.g.*, *EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 512 (2014). Only the relative clause at the end—"which shall have jurisdiction over such an action"—speaks to courts and their power.

This jurisdictional clause is not tied clearly enough to the exhaustion requirement. Under the canon of the last antecedent, a referent usually refers only as far back as "the nearest reasonable" antecedent. *Boechler*, 142 S. Ct. at 1498 (quoting Antonin Scalia & Bryan A. Garner, *Reading Law* 144 (2012)). "Such an action" naturally refers to "an action at law or equity"—not the earlier exhaustion requirement. What is more, letting "such an action" import everything that comes before would also import an exception for a "showing that such delay is due to the bad faith of the claimant." Jurisdictional rules tend to be clear, yet bad faith is murky and requires factfinding. Though Congress could make good faith a jurisdictional requirement, it rarely if ever does. We doubt that it did so here; it certainly did not do so clearly. Thus, the jurisdictional clause does not incorporate the earlier exhaustion requirement.

Other statutes more clearly tie jurisdiction to procedural requirements, "accentuat[ing] the lack of comparable clarity" here. *Id.* at 1499. *Boechler* gave two examples. *Id*. at 1498–99. In one, the Tax Court has "jurisdiction over any action … *if* such action is brought within 180 days." 26 U.S.C. § 6404(g)(1) (1994 ed., Supp. II) (emphasis added). In the other, "[t]he individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section *if* such petition

is filed during the 90-day period." §6015(e)(1)(A) (1994 ed., Supp. IV) (emphasis added). We can find no such language expressly conditioning jurisdiction on exhaustion in Sarbanes-Oxley, and the parties cite none.

Our precedent confirms our reasoning. *Guerra* read a similarly worded provision in another statute as granting jurisdiction over an action at law or equity rather than restricting jurisdiction to exhausted claims. 936 F.3d at 135. True, our holding today rejects the Second Circuit's contrary approach. *Daly v. Citigroup Inc.*, 939 F.3d 415, 427–28 (2d Cir. 2019). But *Daly* predates *Boechler* and never considered the last-antecedent canon. *Daly* also stressed that the exhaustion requirement was in the same sentence as the jurisdictional provision, even though *Boechler* later warned against relying on that mere proximity. *Compare id.* at 427, *with Boechler*, 142 S. Ct. at 1499. So we must follow *Boechler* and *Guerra*, not *Daly*.

Because neither the Act's time limit nor its exhaustion requirement clearly states that it is jurisdictional, we proceed to the merits.

### III. JALUDI'S COMPLAINT CAME TOO LATE, AND AMENDMENT WOULD BE FUTILE

As mentioned, Jaludi had to file an administrative complaint within 180 days of suffering or discovering retaliation against him. *See* 18 U.S.C. §1514A(b)(2)(D). But after learning of the alleged misconduct, he waited years to do so. So this suit is time-barred. And that untimeliness dooms his case.

Plus, the District Court rightly held that amending would be futile. Jaludi seeks to rescue his late complaint by adding a

timely allegation. He says that in late 2017, he submitted a résumé to a headhunter who had reached out to him about a job opening, but he never heard back. He blames this silence on "his blacklisting at Citigroup." Appellant's Br. 40. But there is no reason to think that Citigroup had anything to do with this silence, let alone that Jaludi's whistleblowing was a "contributing factor" to the headhunter's unresponsiveness. *Wiest v. Tyco Elecs. Corp.*, 812 F.3d 319, 330 (3d Cir. 2016). This proposed allegation is implausible. Because the complaint, even as amended, would fail to state a claim, the court properly denied leave to amend. *See In re Digit. Island Sec. Litig.*, 357 F.3d 322, 337 (3d Cir. 2004).

\* \* \* \* \*

Jaludi sued Citigroup and then filed an administrative complaint after the statute of limitations had run out. Neither Sarbanes-Oxley's statute of limitations nor its exhaustion requirement is jurisdictional. But because the administrative complaint was untimely, we will affirm the District Court's dismissal with prejudice.