# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2248

UNITED STATES OF AMERICA

v.

DEVON EDWARD SANDERS,
Appellant

_____

On Appeal from the U.S. District Court, E.D. Pa.
Judge Anita B. Brody, No. 2:16-cr-00513-001

Before: BIBAS, CHUNG, and MASCOTT, *Circuit Judges*
Submitted: June 26, 2026; Filed: June 26, 2026

_____

NONPRECEDENTIAL OPINION[*]

BIBAS, *Circuit Judge*. Deadlines matter. Devon Sanders was caught with more than 94,000 child-pornography images and videos on his computer, many of which showed girls, toddlers, and even infants being tortured or sadistically sexually abused. After pleading guilty to possessing and receiving child pornography, he was sentenced to 84 months in prison followed by ten years' supervised release. As conditions of his supervised release, the District Court ordered him to register as a sex offender and take part in sex-offender treatment. On appeal, Sanders did not challenge these conditions. But after being released from prison, he refused to register or take part in treatment, attacking both conditions as illegal. The court rejected both challenges, first ordering him (again) to register and then ordering him (again) to take part in treatment. In its second order, the court modified the original treatment condition, requiring the treatment program to disclose all records of Sanders's treatment to probation officers.

_____

[*]This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

Sanders appeals from that modification order. But he waited almost a month to file his notice of appeal, well past the fourteen-day deadline. Fed. R. App. P. 4(b)(1)(A). Because the government's brief properly raises this time bar, we must enforce it. *United States v. Muhammud*, 701 F.3d 109, 111 (3d Cir. 2012); *Gov't of V.I. v. Martinez*, 620 F.3d 321, 328–29 (3d Cir. 2010).

Sanders's lengthy, largely incoherent brief does not challenge the modification order. Rather, it tries to reach back to challenge his original conditions of supervised release, asking the District Court to modify them under 18 U.S.C. § 3583(e), presumably (e)(2). But he never challenged those at the time. And they are not part of the order that he appealed from. "An individual may not use § 3583(e)(2) as a substitute for an appeal, belatedly raising challenges to the original conditions of supervised release that were available at the time of his initial sentencing." *United States v. D'Ambrosio*, 105 F.4th 533, 539 (3d Cir. 2024) (internal quotation marks omitted). Because his challenges are all untimely, we will DISMISS his appeal.